UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LAKESHIA ROYAL, | ) | |
| | ) | Case No.: 1:17-cv-7042 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | ) | **JURY DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Now comes the Plaintiff, LAKESHIA ROYAL, by and through her attorneys, and for her Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, L.L.C., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to this claim occurred in this District.

### PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Chicago, Illinois.

5. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

6. At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

7. The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

8. On information and belief, Defendant is a limited liability company of the State of Delaware, which is licensed to business in Illinois, and which has its principal place of business in Norfolk, Virginia.

## FACTS COMMON TO ALL COUNTS

9. During or about May or June of 2016, Plaintiff contacted Defendant by telephone to attempt to settle an alleged debt Defendant was attempting to collect from Plaintiff which Defendant claimed was originally owed to CIT Bank and/or Dell.

10. The agent and/or employee of Defendant with whom Plaintiff spoke on that date represented to Plaintiff that the balance due on the aforementioned alleged debt was approximately $1,707.48. Said agent and/or employee of Defendant further represented to Plaintiff that Defendant would settle the alleged debt in full in exchange for Plaintiff's payment of one-third of that amount, or $569.16.

11. Plaintiff agreed to this proposal, paid the requested amount of $569.16 to Defendant, and believed she had settled the alleged debt in full, as had been represented to her.

12.     Plaintiff subsequently discovered, during or about March of 2017, that Defendant was still reporting the alleged debt on Plaintiff's TransUnion credit report as an open account with a past due balance of $1,139.00.

13.     On information and belief, Defendant did not report the settlement of the alleged debt to TransUnion and instead treated Plaintiff's payment of $569.16 as merely a reduction of the overall balance, rather than the settlement in full which had been promised to Plaintiff.

14.     During or about April of 2017, Plaintiff contacted Defendant by telephone in an attempt to find out why her credit report still showed an outstanding balance on the alleged debt, which she believed had previously been settled in full.

15.     The agent and/or employee of Defendant with whom Plaintiff spoke on that date told Plaintiff that there was no record of her settlement and that the person with whom Plaintiff had previously settled the alleged debt with was no longer with the company.

16.     Despite having been notified by Plaintiff that she disputed owing the claimed balance due on alleged debt, and that the alleged debt had been previously settled in full, Defendant continued in its attempts to collect the alleged debt from Plaintiff.

17.     In addition, on information and belief, Defendant failed to report to TransUnion that Plaintiff disputed owing the balance of $1,139.00.

18.     In its attempts to collect the alleged debt as outlined above, Defendant damaged Plaintiff and violated the FDCPA.

19.     As a result of Defendant's actions as outlined above, Plaintiff has suffered and continues to suffer concrete and particularized hard, which includes, but is not limited to the following:

a. Stress, aggravation, frustration, emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people, both known and unknown;

b. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and

c. Decreased credit score, which may result in the inability to obtain credit on future attempts to do so.

## COUNT I

20. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 19 above as if reiterated herein.

21. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and/or misleading representation or means in connection with the collection of the alleged debt.

## COUNT II

22. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 21 above as if reiterated herein.

23. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount and/or legal status of the alleged debt.

## COUNT III

24. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 23 above as if reiterated herein.

25. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate credit information which Defendant knew or should have known to be false, including failing to communicate that the alleged debt was disputed.

## COUNT IV

26. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 25 above as if reiterated herein.

27. Defendant violated 15 U.S.C. § 1692e(10) by using a false, deceptive or misleading representation or means in connection with the collection of the alleged debt and/or to obtain information about Plaintiff.

## COUNT V

28. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 27 above as if reiterated herein.

29. Defendant violated 15 U.S.C. § 1692f by using an unfair or unconscionable means to attempt to collect the alleged debt.

## COUNT VI

30. Plaintiff incorporates all of the allegations and statements in paragraphs 1 through 29 above as if reiterated herein.

31. Defendant violated 15 U.S.C. § 1692f(1) by collecting an amount where such amount was not permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(1);

  b. Judgment against Defendant for $1,000 in statutory damages for each of Defendant's violations of the FDCPA, pursuant to 15 U.S.C. §1692k(a)(2)(A);

  c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

  d. Any other legal and/or equitable relief as the Court deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

LAKESHIA ROYAL

By: /s/ David B. Levin
   Attorney for Plaintiff
   Illinois Attorney No. 6212141
   Law Offices of Todd M. Friedman, P.C.
   111 West Jackson Blvd.
   Suite 1700
   Chicago, IL 60604
   Phone: (312) 212-4355
   Fax: (866) 633-0228
   dlevin@toddflaw.com